UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MATT LECHNER,<br>    Plaintiff,<br>v.<br><br>CAPITAL GROUP COMPANIES and<br>CAPITAL RESEARCH BROKERAGE,<br>    Defendants. | 3:05CV1410 (WWE) |

**RULING ON MOTIONS TO DISMISS AND MOTION TO TRANSFER**

This case concerns a Request for Proposals ("RFP") to manage an investment fund solicited by the California Department of Personnel Administration ("DPA"). Plaintiff Matt Lechner alleges that defendants Capital Group Companies and Capital Research Brokerage, Inc. are liable to him pursuant to theories of breach of contract, tortious interference with business/economic relations or expectancy, unjust enrichment, quantum meruit, and violation of the Connecticut Uniform Securities Act.

Defendant Capital Group Companies moves for dismissal for lack of subject matter jurisdiction and improper venue, or in the alternative, for transfer to the Central District of California. Defendant Capital Research Brokerage, Inc. moves for dismissal for lack of personal jurisdiction. For the following reasons, Capital Group Companies' motion for transfer to the Central District of California will be granted.

## BACKGROUND

The following factual background is based on the allegations of plaintiff's complaint and the affidavits attached to the briefs.

DPA issued a RFP in connection with management of its pension funds.

Plaintiff, an employee of AG Edwards, worked as a consultant for defendant Capital Group Companies, a California corporation, to prepare a Proposal responding to DPA's RFP.

Defendant Capital Research Brokerage is a North Carolina Corporation limited liability corporation with a place of business in California.  Capital Research Brokerage is an underwriter of mutual funds.

Kenneth Gorvetzian, Senior Vice President of Capital Research Brokerage, avers by affidavit that Capital Research Brokerage is not affiliated with Capital Group Companies.  However, plaintiff alleges that Capital Research Brokerage conspired with Capital Group Companies to sabotage the proposal worked upon by plaintiff and to submit another proposal in which Capital Group Companies would receive a rebate.

Upon completion of the RFP proposal, Capital Group Companies attempted to forward the proposal to DPA by Federal Express.  However, the proposal reached DPA one day after the deadline and was rejected.  Capital Group Companies represents that an error occurred with Federal Express' shipping.

Capital Research Brokerage submitted a timely proposal in response to the RFP.  Capital Research Brokerage's proposal was accepted by DPA.

## DISCUSSION

Personal Jurisdiction

To survive a pretrial motion to dismiss for lack of personal jurisdiction, plaintiff bears the burden of showing that the court has jurisdiction over the defendant.  Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 240 (2d Cir. 1999).  Prior to discovery, a plaintiff need only make a prima facie showing of jurisdiction through pleadings, affidavits and

supporting materials. Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990), cert. denied, 498 U.S. 854 (1990). All allegations are to be construed in the light most favorable to a plaintiff and all doubts are to be resolved in plaintiff's favor, notwithstanding controverting evidence by defendant. A.I. Trade Finance Inc. v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir. 1993).

The amenability of a nonresident to suit in a federal court in a diversity action is determined according to the law of the state where the court sits. Arrowsmith v. United Press Int'l, 320 F.2d 219, 223 (2d Cir. 1963). In Connecticut, the court makes a two step inquiry. Bensmiller v. E.I. Dupont de Nemours & Co., 47 F.3d 79, 81 (2d Cir. 1995). The court first determines whether the exercise of jurisdiction over the party is conferred by Connecticut's long arm statute. If jurisdiction is permissible under the long arm statute, the court then determines whether the exercise of jurisdiction under the statute comports with the provisions of the Fourteenth Amendment's due process clause. Metropolitan Life Insurance Company v. Robertson-CECO Corp., 84 F.3d 560, 567 (2d Cir.), cert. denied, 519 U.S. 1006 (1996).

Connecticut General Statute Section 33-929(f)(4), the relevant long-arm statute, provides that a foreign corporation is subject to suit in Connecticut for any cause of action arising out of tortious conduct in Connecticut. In this instance, the alleged conspiracy between the defendants to sabotage the proposal worked upon by plaintiff occurred in California. None of the tortious conduct by either Capital Group Companies or Capital Research Brokerage is alleged to have occurred in Connecticut. Accordingly, plaintiff has failed to establish the prima facie showing that jurisdiction is proper in

Connecticut. Thus, the Court does not have personal jurisdiction over either defendant pursuant to the relevant long-arm statute.

Venue

The Court agrees with Capital Group Companies that venue is improper in the district of Connecticut pursuant to 42 U.S.C. § 1391(a).

Section 1391 provides that an action based solely upon diversity jurisdiction may be brought only in the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced. No party to this action is a citizen or resident of Connecticut and no facts indicate that a substantial portion of events giving rise to the claim took place in Connecticut. Thus, neither defendant is subject to personal jurisdiction in Connecticut.

Section 1404(a) authorizes transfer to another district in the interest of convenience, efficiency and justice. See Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). The relevant factors are: (1) locus of operative facts; (2) access to evidence; (3) convenience of witnesses; (4) availability of compulsory process to compel witness testimony; (5) convenience of the parties; (6) familiarity of the forum with governing law; (7) trial efficiency; (8) the relative financial means of the parties; and a catchall factor, (9), interests of justice. In light of the facts that the RFP emanated from California, that the tortious conduct occurred in California and that most of the key documents are in California, the Court finds that the balance weighs in favor of transfer to the Central District of California.

**CONCLUSION**

For the foregoing reasons, defendant Capital Research Brokerage's motion to dismiss for lack of personal jurisdiction [#13] is GRANTED, defendant Capital Group Companies' motion to transfer venue [#10-2] is GRANTED, and Capital Group Companies' motion to dismiss [#10-2] is DENIED as moot.

The clerk is instructed to transfer this case to the Central District of California.

SO ORDERED this 25th day of May, 2006 at Bridgeport, Connecticut.


-------------------------/s/-----------------------------------
Warren W. Eginton, Senior U.S. District Judge